# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DAVID PLUMLEY,

    Plaintiff,

v.

    Case No.: 2:18-cv-50
    JUDGE GEORGE C. SMITH
    Magistrate Judge Jolson

DEPUTY MAYER, *et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court upon Defendant Officer B. George's Motion for Judgment on the Pleadings (Doc. 11). Plaintiff has not responded in opposition to Defendant's Motion. For the following reasons, Defendant George's Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff David Plumley initiated this case on January 19, 2018, against Defendants Lapetina, Mayer, and McGuire, all members of the Franklin County Sheriff's Office, and Defendant George, a Columbus Police Officer. Plaintiff asserts that on January 19, 2016, he was driving his vehicle Eastbound on Glenchester Drive approaching Hilliard Rome Road when he suffered a seizure due to his ongoing medical conditions, which include brain cancer. Plaintiff drove through a stop sign and crashed his vehicle into a yard at 344 Hilliard Rome Road.

With respect to Defendant George, Plaintiff alleges: "10. Defendant George observed the incident and followed the Plaintiff's car. . . ." (Doc. 2, Am. Compl. ¶ 10). In the four causes of action asserted by Plaintiff, he alleges three (first, third and fourth) against Defendants generally,

but does not make any specific allegations against Defendant George other than what is noted above.

## II. STANDARD OF REVIEW

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6). *Id.*; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A pleading will satisfy this plausibility standard if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint;" a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

In sum, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

### III.  DISCUSSION

Defendant George moves for judgment on the pleadings on Plaintiff's claims against him, which include: Count 1 (violation of the Fourth Amendment for excessive force during his arrest); Count 3 (violation of the Eighth Amendment for failure to provide necessary medical treatment); and Count 4 (negligent infliction of emotional distress).

Plaintiff's only allegations against Defendant George are that he was a Columbus police officer at the time of the incident and that he observed the incident and followed Plaintiff's car. Defendant George argues that assuming all allegations are true for purposes of construing the motion for judgment on the pleadings, Plaintiff has failed to allege any misconduct by Officer George so that he could be held liable under the Fourth or Eighth Amendments, or that he negligently inflicted emotional distress. Plaintiff has failed to respond to Defendant's Motion.

After careful review of Plaintiff's Amended Complaint, the Court agrees that Plaintiff has failed to sufficiently allege any actions by Defendant George to maintain claims for violation of the Fourth and Eighth Amendments or for negligent infliction of emotional distress. Plaintiff's claims are directed at Defendants generally. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)) (emphasis in original).

"[C]ategorical references to 'Defendants'" do not meet this standard. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012). Nor do allegations that an individual defendant "was present and perhaps involved in [the plaintiff's] restraint," without allegations as to the unconstitutionality of the individual defendant's actions. *Lanman*, 529 F.3d at 684. Accordingly, Plaintiff's claims against Defendant George are hereby dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant George's Motion for Judgment on the Pleadings is **GRANTED**. Plaintiff's claims set forth in the Amended Complaint against Defendant George are hereby **DISMISSED**.

The Clerk shall remove Document 11 from the Court's pending motions list.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**